UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 15-00058-JGB (SPx)** | Date | January 13, 2015 |
| Title | *George Gehron, et al. v. Christiana Trust, et. al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Plaintiffs' Ex Parte Application for a Temporary Restraining Order; (2) ORDERING Defendants TO SHOW CAUSE Why a Preliminary Injunction Should Not Issue by Friday, January 16, 2015; (3) SETTING a Hearing on Plaintiffs' Ex Parte Application for a Preliminary Injunction on Thursday, January 22, 2015, at 10:00 a.m.; and (4) ORDERING Plaintiffs to Immediately Serve this Order Upon Defendants (IN CHAMBERS)**

Before the Court is Plaintiffs' Ex Parte Application for an Order to Show Case re: Preliminary Injunction and Temporary Restraining Order. ("Ex Parte Application," Doc. No. 10.) After considering the papers submitted in support of the Ex Parte Application, the Court **GRANTS** Plaintiffs' application for a temporary restraining order, **ORDERS** Defendants **TO SHOW CAUSE** in writing why a preliminary injunction should not issue by **Friday, January 16, 2015**, **SETS** a hearing on Plaintiffs' application for a preliminary injunction on **Thursday, January 22, 2015, at 10:00 a.m.**, and **ORDERS** Plaintiffs to immediately serve this order on Defendants.

## I.    BACKGROUND

On January 9, 2015, Plaintiffs Cheryl Gehron and George Gehron filed a Complaint against Defendants Christiana Trust ("Christiana") and Ocwen Loan Servicing LLP ("Ocwen") (collectively, "Defendants"). ("Complaint," Doc. No.1.) The Complaint alleges violations of California Civil Code §§ 2923.7(a), 2924.10, and 2918(a)(1). (Complaint ¶¶ 11-28.)

On January 12, 2015, Plaintiffs filed an Ex Parte Application, seeking a Temporary Restraining Order ("TRO") and a Preliminary Injunction. ("Ex Parte Application," Doc. No.

10.)  Plaintiffs attest that a trustee's sale of their primary residence, located at 25079 Portica Court, Wildomar, California 92595 is set for January 14, 2015, at 9:30 a.m. (Declaration of Cheryl Gehron ("C. Gehron Decl.") ¶¶ 2, 8, 14, Doc. No. 11.)  They also declare that they "submitted a first lien loan modification application" on January 7, 2015.  (Id. ¶ 9.)  Defendants have not filed any opposition to Plaintiffs' Ex Parte Application.

## II.  LEGAL STANDARD

"The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment."  Cruz v. Wash. Mut. Bank, No. 11CV471 DMS POR, 2011 WL 883098, at *1 (S.D. Cal. Mar. 14, 2011) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974)).  In general, the showing required for a temporary restraining order and a preliminary injunction are the same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 (9th Cir. 2001).  As recognized by the Supreme Court in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), the party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).  The significant threat of irreparable injury must be imminent in nature.  Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

## III.  DISCUSSION

### A.  Notice

With regard to notice, Federal Rule of Civil Procedure 65(b)(1) provides that

> A court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

As discussed below, the Plaintiffs' declarations demonstrate that immediate and irreparable injury will result to Plaintiffs if the issuance of this TRO is delayed to allow Defendants to be heard in opposition.  The trustee sale of their primary residence is set for January 14, 2015, at 9:30 a.m.  (C. Gehron Decl. ¶ 8.)  Plaintiffs declare that "[a] foreclosure would be devastating to [Plaintiffs'] family and unalterably disruptive to the[ir] children."  (Id. ¶ 18.)  Furthermore, "[l]osing one's home through foreclosure is an irreparable injury."  Phleger v. Countrywide Home Loans, Inc., No. C 07-1686SBA, 2007 WL 4105672, at *6 (N.D. Cal. Nov.

16, 2007) (citing Wrobel v. S.L. Pope & Assocs., No. 07CV1591 IEG (BLM), 2007 WL 2345036, at *1 (S.D.Cal.2007)).

Plaintiffs' counsel attached his declaration to the Ex Parte Application, declaring that he had attempted to provide notice to counsel for each of the Defendants on the morning of January 12, 2015.  (First Declaration of Bret D. Lewis ("1st Lewis Decl.") ¶¶ 3-4, Doc. No. 10 at 12.)  Plaintiffs' counsel declared that he called counsel for each Defendant and emailed a copy of the ex parte notice to counsel for each Defendant.  (Id.)  Despite this lack of notice, the Court concludes that the TRO should issue because Plaintiffs' counsel attempted to contact Defendants and because, as discussed below, the injury to Plaintiffs is imminent and irreparable.

### B. Issuance of TRO

The basis for Plaintiffs' application is that they have submitted a complete application for a first lien loan modification, pursuant to Cal. Civ. Code § 2923.6(h), and thus the "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent [may] not record a notice of default or notice of sale or conduct a trustee's sale" until certain actions have been taken, Cal. Civ. Code § 2923.6(c).  Specifically, a trustee's sale may not occur until one of the following occurs:

> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c).

Plaintiffs declare that they have submitted all documentation required by Defendant Ocwen's Request for Mortgage Assistance  ("RMA").  (C. Gehron Decl. ¶¶9, 14.)  Plaintiffs have not been notified by Defedant Ocwen that any further documentation is required before the first lien loan modification application may be considered compete.  (C. Gehron ¶ 15; Second Declaration of Bret D. Lewis ("2d Lewis Decl.") ¶ 8, Doc. No. 10-1.)

Based on the foregoing, Plaintiffs argue that they have a likelihood of success on the merits for violation of California Civil Code § 2923.6.  As it appears that Plaintiffs submitted all information and documentation required by Defendant Ocwen's RMA, and Defendant Ocwen has not provided Plaintiff with any notification that further documentation is necessary, it appears that Plaintiff has submitted a complete application.  The Court has no information before it at this time that indicates to the contrary.

As discussed above, Plaintiffs are likely to suffer imminent, irreparable injury if a TRO does not issue at this time.  The trustee's sale is set for January 14, 2015, at 9:30 a.m.  (C. Gehron Decl. ¶ 8.)  If the house is sold at that sale, Plaintiffs will lose possession of their primary

residence.  For that same reason, the balance of hardships tips toward Plaintiffs.  In contrast, if the TRO issues, "Defendants will merely be required to delay the foreclosure sale.  Their interest in Plaintiff[s'] property will remain secured and, should this Order be dissolved or judgment be entered in favor of Defendants in this action, they will be able to proceed with the foreclosure sale at such time."  Cruz, 2011 WL 883098, at *2.  Last, the public interest appears to favor the issuance of a TRO, as the public has an interest in property disputes being accurately resolved by allowing homeowners to pursue their legal claims before their homes are sold.  See id.

Accordingly, Plaintiffs have satisfied the standard for obtaining a TRO, and the Court therefore concludes that a TRO should issue.

Pursuant to Federal Rule of Civil Procedure 65(c), a "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  As the Court will hold a hearing on Plaintiffs' application for a preliminary injunction on January 22, 2015, the Court does not require Plaintiffs to post a bond at this time.  See Cruz, 2011 WL 883098, at *3.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' application for a TRO is **GRANTED at 5:48 p.m. on Tuesday, January 13, 2015**.  Defendants and their agents, employees, representatives, successors, partners, assigns, attorneys, and any and all acting in concert or participation with them are enjoined from engaging in or performing any act to deprive Plaintiffs of ownership or possession of Plaintiffs' real property located at 25079 Portica Court, Wildomar, California 92595, including, but not limited to, proceeding with the trustee sale scheduled for January 14, 2015, and recording any deeds relating to the property.

Defendants are **ORDERED TO SHOW CAUSE** in writing, on or before **Friday, January 16, 2015**, why a preliminary injunction should not be issued enjoining Defendants from taking such actions until the conclusion of this case.  The Court **SETS** a hearing on Plaintiffs' application for a preliminary injunction on **Thursday, January 22, 2015, at 10:00 a.m.** in Courtroom 1.

This TRO shall remain in place for fourteen days or until this Court issues an Order on Plaintiff's application for a preliminary injunction, whichever occurs first.

The Court notes that, pursuant to Federal Rule of Civil Procedure 65(a)(1), the Court "may issue a preliminary injunction only on notice to the adverse part[ies]."  Moreover, a TRO only binds those parties, agents, and other persons "who receive actual notice of it by personal service or otherwise."  Fed. R. Civ. P. 65(d)(2).  Accordingly, the Court **ORDERS** Plaintiffs to **immediately** serve a copy of this Order on Defendants.

**IT IS SO ORDERED.**