UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-00058-JGB (SPx)** | Date | February 4, 2015 |
|---|---|---|---|
| Title | *George Gehron, et al. v. Christiana Trust, et. al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|

**Proceedings:**   Order DENYING Plaintiffs' Ex Parte Application for a Preliminary Injunction (Doc. No. 10) (IN CHAMBERS)

     Before the Court is Plaintiffs' Ex Parte Application for a Preliminary Injunction.  (Doc. No. 10.)  After considering the papers submitted in support of and in opposition to the issuance of a preliminary injunction, as well as the arguments presented at the January 22, 2015, hearing, the Court DENIES Plaintiffs' Ex Parte Application for a Preliminary Injunction.

## I.   BACKGROUND

     On January 9, 2015, Plaintiffs Cheryl Gehron and George Gehron filed a Complaint against Defendants Christiana Trust ("Christiana")[1] and Ocwen Loan Servicing LLP ("Ocwen") (collectively, "Defendants").  ("Complaint," Doc. No.1.)  The Complaint alleges violations of the California Homeowner's Bill of Rights ("HBOR"), specifically California Civil Code §§ 2923.7(a), 2924.10, and 2918(a)(1).  (Complaint ¶¶ 11-28.)

     On January 12, 2015, Plaintiffs filed an Ex Parte Application, seeking a Temporary Restraining Order ("TRO") and a Preliminary Injunction.  ("Ex Parte Application," Doc. No. 10.)  In support of their application, Plaintiffs submitted (i) the Declaration of Bret D. Lewis, attesting to Exhibits 1 through 3, (Doc. No. 10-1); (ii) the Declaration of Cheryl Gehron (Doc. No. 11), attesting to Exhibits 1 through 6 (Doc. Nos. 11 & 11-1); and (iii) the Declaration of

---

[1] Defendants assert that Wilmington Trust, N.A., was erroneously sued as Christiana Trust.  (Doc. No. 21.)

George Gehron, (Doc. No. 12), attesting to Exhibits 1 through 6, (Doc. Nos. 12 & 12-1).[2]  In their Ex Parte Application, Plaintiffs attested that a trustee's sale of their primary residence, located at 25079 Portica Court, Wildomar, California 92595 was set for January 14, 2015, at 9:30 a.m.  (Declaration of Cheryl Gehron ("C. Gehron Decl.") ¶¶ 2, 8, 14, Doc. No. 11.)  They also declared that they had "submitted a first lien loan modification application" on January 7, 2015.  (Id. ¶ 9.)  Defendants did not file an opposition to Plaintiffs' Ex Parte Application.

On January 13, 2015, the Court granted Plaintiffs' application for a temporary restraining order and ordered Defendants to show cause why a preliminary injunction should not issue. ("Order," Doc. No. 18.)  The Court set a preliminary injunction hearing for January 22, 2015. (Id.)

On January 16, 2015, Defendants filed their Opposition to Plaintiff's Ex Parte Application for a Preliminary Injunction.  (Opp'n, Doc. No. 19.)  In support of their Opposition, Defendants submitted the Declaration of Rashad Blanchard, ("Blanchard Decl.," Doc. No. 20), attesting to Exhibits A and B, (Doc. Nos. 20-1 & -2), as well as the Declaration of Jason K. Boss ("Boss Decl.," Doc. No. 21), attesting to Exhibits C through F, (Doc. Nos. 21-1 to -4).

The Court held a hearing on Plaintiffs' Ex Parte Application on January 22, 2015. During that hearing, both parties consented to an extension of the temporary restraining order issued by the Court on January 13, 2015, (Doc. No. 17), until the Court's decision on Plaintiffs' application for a preliminary injunction.  At the hearing, the Court requested additional information regarding the status of the trustee's sale.  (Doc. No. 26.)  On January 30, 2015, Defendants submitted such additional information.  (Doc. Nos. 27 & 28.)  Plaintiffs objected to Defendants' submission on February 2, 2015.  (Doc. No. 29.)

## II.  LEGAL STANDARD

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy by clear and convincing evidence.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974).  In general, the showing required for a temporary restraining order and a preliminary injunction are the same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., 240 F.3d 832, 839 (9th Cir. 2001).

As recognized by the Supreme Court in Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), the party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 550

---

[2] Plaintiffs also filed a Request for Judicial Notice, (Doc. No. 16), asking the Court to take notice of a consent decree from a separate district court case as well as newspaper article. The Court considers it unnecessary to reference those irrelevant documents and thus DENIES AS MOOT Plaintiffs' Request for Judicial Notice.

U.S. at 20).  The significant threat of irreparable injury must be imminent in nature.  <u>Caribbean Marine Servs. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

### III.  DISCUSSION

California Civil Code § 2923.6(c) prohibits the practice commonly referred to as "dual-tracking."  That statute provides as follows:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.  A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c).

A first lien loan modification application "shall be deemed 'complete' when a borrower has supplied with mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer."  Cal. Civ. Code § 2923.6(h).  After a complete first lien modification application is submitted by the borrower, the mortgage servicer is required to "provide written acknowledgment of the receipt of the documentation within five business days of receipt."  Cal. Civ. Code § 2924.10(a).  That written acknowledgement must, among other things, inform the borrower whether any documents are missing from the borrower's first lien loan modification application."  Cal. Civ. Code § 2924.10(a)(4).

As explained in the Court's January 13, 2015, Order, the basis asserted by Plaintiffs for their Ex Parte Application is that they have submitted a complete application for a first lien loan modification, pursuant to California Civil Code § 2923.6(h), and thus the "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale" until the mortgage servicer determines that the borrower is ineligible for a modification, the borrower does not timely accept an offered modification, or the

borrower defaults on his or her obligations under the first lien loan modification.  (Ex Parte Application at 7-8 (quoting Cal. Civ. Code § 2923.6(c)).)

Upon filing their Ex Parte Application, Plaintiffs declared that they submitted all documentation required by Defendant Ocwen's Request for Mortgage Assistance  ("RMA") on January 7, 2015.  (C. Gehron Decl. ¶¶9, 14.)  Plaintiffs further declared that they had not been notified by Defendant Ocwen that any further documentation is required before the first lien loan modification application may be considered compete.  (C. Gehron ¶ 15; Second Declaration of Bret D. Lewis ("2d Lewis Decl.") ¶ 8, Doc. No. 10-1.)  Because it appeared that Plaintiffs had submitted all information and documentation required by Defendant Ocwen's RMA, and because Defendant Ocwen had not provided Plaintiffs with any notification that further documentation was necessary, the Court determined that Plaintiffs had a likelihood of success on the merits for a violation of California Civil Code § 2923.6.

Defendants have now demonstrated to the Court that the trustee's sale has been postponed until May 5, 2015, (Declaration of Jason K. Boss, Exs. G & H, Doc. Nos. 28, 28-1 & 28-2), which is approximately five months after Plaintiffs submitted their loan modification application.  Thus any harm that may be caused to Plaintiffs does not appear sufficiently imminent.  Cf. Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  Therefore, the legal standard for granting a preliminary injunction has not been satisfied.[3]

The Court concludes that Plaintiffs have failed to demonstrate a significant threat of irreparable injury that is imminent in nature.  Accordingly, a preliminary injunction would be inappropriate at this time.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Ex Parte Application for a Preliminary Injunction.

**IT IS SO ORDERED.**

---

[3] Moreover, Plaintiffs have not demonstrated that Defendants are currently in violation of HBOR's dual tracking prohibition, which formed the basis for Plaintiffs' application for a preliminary injunction.  (Doc. No. 10.)  However, the Court notes that Defendants could potentially run afoul of HBOR's prohibitions in the future if Defendants again attempt to conduct a trustee's sale of Plaintiffs' home without first complying with the remaining requirements of HBOR, such as allowing a reasonable time for Plaintiffs to submit documentation and, once the application is complete, determining whether Plaintiffs are entitled to a modification.  See Cal. Civ. Code § 2923.6(c)-(h).